## Zurowsky v. Zurowsky

*Marlin B. Stephens,* for libellant.

GRIFFITH, J., July 19, 1947.—In this case a subpœna in divorce and an alias subpœna were issued, and a return of n. e. i. made on each. However, instead of obtaining an order for publication, libellant relied upon the entry of an appearance on behalf of respondent to confer jurisdiction upon this court. As a matter of fact, no appearance was actually entered by attorney for respondent. All that was done was that a paper was filed, neither sworn to nor acknowledged, but purporting to have been signed by respondent in Wisconsin, authorizing an attorney to enter an appearance on her behalf. The attorney named in this paper did not as a matter of fact enter such appearance. Even if an appearance had been entered by respondent's attorney, this court would have no jurisdiction under the facts in this case, for it appears that after a master had been appointed and a date for a hearing fixed, libellant presented a petition to this court asking that a guardian be appointed for the respondent, and averring that she was but 19 years of age. Whereupon the court appointed the same member of the bar as her guardian who had been designated by her as her attorney in the paper above referred to. However, at the time of the appointment of the guardian the respondent had not been served. The appointment was, therefore, void, as a guardian may not be appointed for a minor respondent in a divorce action until service has been had upon the minor: Burnsworth v. Burnsworth, 56 D. & C. 478.

After the appointment of the guardian, a "waiver" was filed by the guardian, wherein he attempted to waive the service of the subpœna and libel and also notice of the hearing. The effect of this waiver is a nullity. A guardian may not waive any rights of the minor in such a proceeding, and not only the minor but the guardian must receive notice of the hearing.

Pennsylvania Rules of Civil Procedure, rule 2029 (a), provides: "Where a minor is a defendant, the

original process in the action shall be served upon him in the manner prescribed for the service of like process upon an adult defendant."

Had the respondent been an adult, an entry of a general appearance on her behalf by counsel would have been the equivalent of personal service. However, a minor at common law could not, because of her incompetency, employ an attorney and, therefore, could not cause an appearance to be entered for her. Since the Divorce Code of 1929 does not specifically provide a method by which a minor may cause an appearance to be entered, the common-law rule still obtains: Stoops v. Stoops, 49 D. & C. 247. Neither a minor respondent nor her guardian ad litem may enter an appearance so as to confer jurisdiction upon the court in the absence of valid service of the process.

There was no service either personally or by publication on the minor respondent, and the last valid action taken in this case was the return of n. e. i. by the sheriff on April 14, 1947.

Libellant's case seems to have merit and, therefore, we will not dismiss it, but as yet the court has no jurisdiction over the person of the respondent, and neither a guardian nor a master should have been appointed until the subpœna was returned properly served either personally or by publication. Their appointments must be revoked and all proceedings taken before the master set aside.

We, therefore, enter the following

### Decree

And now, July 19, 1947, after due consideration, the appointment of the guardian for the minor respondent is hereby revoked, the appointment of the master is revoked, and his report and all proceedings before him set aside; libellant is given leave to proceed by moving for an order of publication, or, if personal service can be made, by pluries subpœna.